

# 14 CV 8671

**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq. (LR-5733)
Phillip Kim, Esq. (PK-9384)
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com



RECEIVED
OCT 30 2014
U.S.D.C. S.D. N.Y.
CASHIERS

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| KEVIN PATTON, Individually and on Behalf of All Others Persons Similarly Situated | Case No: |
|  | CLASS ACTION |
|  | **CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** |
| Plaintiff, |  |
| v. | **DEMAND FOR JURY TRIAL** |
| AMERICAN REALTY CAPITAL PROPERTIES, INC.; DAVID S. KAY; NICHOLAS S. SCHORSCH; BRIAN S. BLOCK; AND LISA P. MCALISTER, |  |
| Defendant |  |

Plaintiff Kevin Patton ("Plaintiff"), individually and on behalf of all other persons similarly situated, by his undersigned attorneys, for his complaint against defendants, alleges the following based upon personal knowledge as to himself and his own acts, and information and belief as to all other matters, based upon, inter alia, the investigation conducted by and through

1

his attorneys, which included, among other things, a review of the Defendants' public documents, conference calls and announcements made by defendants, United States Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding American Realty Properties, Inc. ("ARCP" or the "Company"), analysts' reports and advisories about the Company, and information readily obtainable on the Internet. Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1.      This is a federal securities class action on behalf of a class consisting of all persons other than Defendants who purchased ARCP securities between February 27, 2014 and October 29, 2014, inclusive (the "Class Period"), seeking to recover damages caused by Defendants' violations of the federal securities laws and to pursue remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder against the Company and certain of its top officials.

2.      ARCP is a real estate investment trust ("REIT") that owns and acquires commercial real estate, which then it leases, for both mid-term and long-term leases, to creditworthy tenants and passes a percentage of the taxable income it receives to shareholders.

3.      The adjusted funds from operations ("AFFO") is an important metric of financial performance of a REIT. Generally, AFFO equals the REIT's funds from operations with adjustments made for recurring capital expenditures that are used to maintain the quality of the REIT's underlying assets or properties. AFFO is a measurement of earnings for the REIT industry.

4.      On October 29, 2014, ARCP shocked the market when it announced that its financial statements in its annual report on Form 10-K for the fiscal year ending December 31, 2013 and the quarterly financial statements on Form 10-Q for first and second quarters of 2014 could no longer be relied upon by investors and needed to be restated due to intentional errors on the financial statements resulting in overstatement of AFFO and an understatement of ARCP's net loss.

5.      This announcement caused the Company's stock to drop from $2.38 per share or over 19% from its previous closing price on extraordinary volume to close at $10.00 per share on October 29, 2014.

## JURISDICTION AND VENUE

6.      The claims asserted herein arise under and pursuant to Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder (17C.F.R. §240.10b-5).

7.      This Court has jurisdiction over the subject matter of this action pursuant to §27 of the Exchange Act (15 U.S.C. §78aa) and 28 U.S.C. §1331.

8.      Venue is proper in this District pursuant to §27 of the Exchange Act, 15 U.S.C.§78aa and 28 U.S.C. §1391(b), as ARCP is headquartered in this District.

9.      In connection with the acts, conduct and other wrongs alleged in this Complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mail, interstate telephone communications and the facilities of the national securities exchange.

## PARTIES

10.     Plaintiff Kevin Patton, as set forth in the attached certification, purchased ARCP securities at artificially inflated prices during the Class Period and was damaged upon the revelation of the alleged corrective disclosures.

11.     Defendant ARCP, a Maryland corporation, is headquartered at 405 Park Avenue, 12th Floor, New York, New York 10022.

12.     Defendant David S. Kay ("Kay") became the Company's CEO on October 1, 2014 and at all times during the Class Period has been a member of the Company's Board of Directors.

13.     Defendant Nicholas S. Schorsch was the Company's CEO from the beginning of the Class Period until his sudden resignation on October 1, 2014. At all times during the Class Period, he has been the chairman of ARCP's Board of Directors.

14.     Defendant Brian S. Block ("Block") was the Company's CFO and Executive Vice President, Treasurer and Secretary from the beginning of the Class period until his sudden resignation on October 28, 2014.

15.     Defendant Lisa P. McAlister ("McAlister") was the Company's CAO and Senior Vice President from the beginning of the Class period until her sudden resignation on October 28, 2014.

16.     Defendants Kay, Schorsch, and Block are sometimes referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

17.     The Class Period begins on February 27, 2014, when the Company filed its Form 10-K for the year ending December 31, 2013 with the SEC (the "2013 10-K"). The 2013 10-K

4

was signed by Defendants Schorsch, Kay, Block, and McAlister. The 2013 10-K stated the AFFO amount was $163,915,000 for the year ending December 31, 2013.

18.     Accompanying the 2013 10-K were certifications pursuant to Rule 13a-14(a) and 15d-14(a) under the Securities Exchange Act of 1934 and the Sarbanes-Oxley Act of 2002 ("SOX") signed by Defendants Schorsch and Block attesting to its accuracy.

19.     On May 8, 2014, ARCP filed its Form 10-Q for the first quarter of 2014 for the period ending March 31, 2014 with the SEC (the "1Q 2014 10-Q"). The 1Q 2014 10-Q was signed by Defendants Schorsch and Block. The 1Q 2014 10-Q stated an AFFO amount of $147,389,000 for the first quarter of 2014.

20.     Accompanying the 10-Q were certifications pursuant to Rule 13a-14(a) and 15d-14(a) under the Securities Exchange Act of 1934 and the SOX signed by Defendants Schorsch and Block attesting to its accuracy.

21.     On July 29, 2014, ARCP filed its Form 10-Q for the second quarter of 2014 for the period ending June 30, 2014 with the SEC (the "2Q 2014 10-Q"). The 2Q 2014 10-Q was signed by Defendants Schorsch and Block. The 2Q 2014 10-Q stated an AFFO amount of $205,278,000 for the previous three months and $353,058,000 for the previous six months ending June 30, 2014.

22.     Accompanying the 2Q 1014 10-Q were certifications pursuant to Rule 13a-14(a) and 15d-14(a) under the Securities Exchange Act of 1934 and SOX signed by Defendants Schorsch and Block attesting to its accuracy.

23.     The above statements were materially false and misleading because the Company's financial statements contained in its 2013 10-K, 1Q 2014 10-Q, and 2Q 2014 10-Q intentionally overstated its AFFO and underreported its net losses.

## THE TRUTH BEGINS TO EMERGE

24.     On October 29, 2014, the Company issued a press release announcing its previously issued financial statements for the year ending December 31, 2013 and the first and second quarters of 2014 could no longer be relied upon and needed to be restated. The announcement states in relevant part:

> American Realty Capital Properties Announces Non-Reliance on Previously Issued Financial Statements and Changes in Accounting Personnel
>
> Published: Oct 29, 2014 7:03AM ET
>
> NEW YORK, Oct. 29, 2014 /PRNewswire/ -- *American Realty Capital Properties, Inc. ("ARCP") (ARCP) announced today the conclusion of its Audit Committee that the previously issued financial statements and other financial information contained in the Company's Annual Report on Form 10-K for the fiscal year ended December 31, 2013 and Quarterly Reports on Form 10-Q for the fiscal periods ended March 31, 2014 and June 30, 2014, and the Company's earnings releases and other financial communications for these periods, should no longer be relied upon.* The Audit Committee based its conclusions on the preliminary findings of its investigation into concerns that were first reported to it on September 7, 2014. The Audit Committee promptly initiated an investigation, which is being conducted with the assistance of independent counsel and forensic experts. Senior management was informed of the preliminary findings of the investigation on October 24, 2014.
>
> *****
>
> The Audit Committee's investigation conducted to date has not uncovered any errors in the consolidated financial statements (prepared in accordance with U.S. GAAP) for the three months ended March 31, 2014. However, *based on the preliminary findings of the investigation, the Audit Committee believes that the Company incorrectly included certain amounts related to its non-controlling interests in the calculation of adjusted funds from operations ("AFFO"), a non-U.S. GAAP financial measure, for the three months ended March 31, 2014 and, as a result, overstated AFFO for this period. <u>The Audit Committee believes that this error was identified but intentionally not corrected, and other AFFO and financial statement errors were intentionally made</u>, resulting in an overstatement of AFFO and an understatement of the Company's net loss for the three and six months ended June 30, 2014.*
>
> *Based on the preliminary findings of the investigation, the Company has identified the potential adjustments shown on the attached financial table to the Company's reported net loss in accordance with U.S. GAAP for the three and*

*six months ended June 30, 2014 and to reported AFFO for the three months ended March 31, 2014 and the three and six months ended June 30, 2014.* The Company notes that, in calculating AFFO for the first quarter of 2014, the Company reported non-controlling interests on a net basis, while in the second quarter of 2014, as permitted, the Company reported non-controlling interests on a gross basis (which it will continue to do in calculating AFFO in future periods). The weighted average number of shares used in calculating AFFO differs depending on whether the net or gross method is used (but does not change for purposes of calculating net loss per share in accordance with U.S. GAAP). The investigation is ongoing and there can be no assurance that the potential adjustments set forth in the attached financial table will not change based upon the final results of the investigation, and any such change could be material.

The Audit Committee has indicated that nothing has come to its attention that leads it to believe that there are any errors in the Company's previously issued audited consolidated financial statements for the fiscal year ended December 31, 2013 contained in the Company's 2013 Form 10-K. However, the Audit Committee has expanded its investigation to encompass the Company's audited financial statements for this period in light of the fact that the Company's former Chief Financial Officer and former Chief Accounting Officer had key roles in the preparation of those financial statements.

*****

In light of the preliminary findings of the Audit Committee's investigation, the Company is re-evaluating its financial reporting controls and procedures. The Company intends to make the necessary changes to its controls and procedures to remediate any control deficiencies that are identified through the Audit Committee's investigation.

The Company will work with the Audit Committee and the Audit Committee's independent advisors to determine the adjustments required to be made to the Company's previously issued financial statements, including the calculation of AFFO, as expeditiously as possible. Upon completion of this process, which could identify further required adjustments in addition to those discussed above, the Company will restate prior financial statements and amend its prior periodic filings to the extent required and update its earnings guidance at that time.

The Company will file its Quarterly Report on Form 10-Q for the period ended September 30, 2014 after the amended filings have been made.

(emphasis added)

25.     The press release included the following AFFO preliminary adjustments, which shows an overstatement of the AFFO by approximately $12 million, or 8.8%, for the first three

7

months of 2014, and by approximately $10.9 million, or 5.6%, for the three months ending June 30, 2014:

**Potential Adjustments**
**Amounts in Thousands**
**(except per share amounts)**

| AFFO (Presented on a Net Basis): | Three Months Ended March 31, 2014 | |
|---|---|---|
| AFFO - Originally Reported | $ | 147,389 |
| Preliminary Adjustments | | (17,638) |
| **AFFO - Adjusted** | $ | 129,751 |
| Weighted Average Shares, Fully Diluted - Originally Reported | | 573,728 |
| AFFO Per Share - Originally Reported | $ | 0.26 |
| Results of Preliminary Adjustments to AFFO | $ | (0.03) |
| **AFFO per Share - Adjusted** | $ | 0.23 |

| AFFO (Presented on a Gross Basis): | Three Months Ended March 31, 2014 | | | Three Months Ended June 30, 2014 | | Six Months Ended June 30, 2014 | |
|---|---|---|---|---|---|---|---|
| AFFO - Originally Reported | $ | 147,780 | (1) | $ | 205,278 | $ | 353,058 |
| Preliminary U.S. GAAP Adjustments | | - | | | (9,242) | | (9,242) |
| Preliminary Adjustments - AFFO Only | | (11,974) | | | (1,627) | | (13,601) |
| **AFFO - Adjusted** | $ | 135,806 | | $ | 194,409 | $ | 330,215 |
| Weighted Average Shares, Fully Diluted - Originally Reported | | 573,728 | | | 869,094 | | 722,118 |
| Adjusted for Gross Basis | | 22,044 | | | - | | 11,022 |
| Weighted Average Shares, Fully Diluted - Adjusted | | 595,772 | | | 869,094 | | 733,140 |
| AFFO Per Share - Originally Reported | $ | 0.26 | | $ | 0.24 | $ | 0.49 |
| Results of Preliminary Adjustments to AFFO | $ | (0.03) | | $ | (0.01) | $ | (0.04) |
| **AFFO per Share - Adjusted** | $ | 0.23 | | $ | 0.22 | $ | 0.45 |

(1) Represents AFFO as reported for the six months ended June 30, 2014 less AFFO as reported for the three months ended June 30, 2014

| U.S. GAAP EPS Calculation | Three Months Ended March 31, 2014 | | Three Months Ended June 30, 2014 | | Six Months Ended June 30, 2014 | |
|---|---|---|---|---|---|---|
| Net Loss Attributable to Common Stockholders - Originally Reported | $ | (332,313) | $ | (63,419) | $ | (395,732) |
| Preliminary U.S. GAAP Adjustments | | - | | (9,242) | | (9,242) |
| **Adjusted Net Loss Attributable to Common Stockholders** | $ | (332,313) | $ | (72,661) | $ | (404,974) |
| Basic and Diluted Weighted Average Shares - Originally Reported | | 547,782 | | 815,741 | | 682,502 |
| U.S. GAAP EPS - Originally Reported | $ | (0.61) | $ | (0.08) | $ | (0.58) |
| Results of Preliminary Adjustments to U.S. GAAP | $ | - | $ | (0.01) | $ | (0.01) |
| **U.S. GAAP EPS - Adjusted** | $ | (0.61) | $ | (0.09) | $ | (0.59) |

26.    The press release also announced that Defendant Block had resigned as the Company's CFO effective immediately, which states in relevant parts:

> ***The Company also announced that effective immediately, Michael Sodo has been named Chief Financial Officer of the Company, replacing Brian Block.*** Mr. Sodo will report directly to David Kay and the Audit Committee.  Mr. Sodo previously served as Senior Vice President, Director of Financial Reporting and Treasury.  Mr. Sodo joined ARCP from Capital Automotive where he served in a

number of roles of increasing seniority, most recently as SVP, Director of Financial Reporting and Treasurer. ***Gavin Brandon will serve as Chief Accounting Officer, replacing Lisa McAlister and reporting to Mr. Sodo.*** Mr. Brandon previously served as a Senior Vice President of Accounting where he oversaw acquisition accounting and property on-boarding, lease accounting, accounts payable, accounts receivable and process treasury services. ***Mr. Block and Ms. McAlister have resigned effective immediately.***

(emphasis added)

27.     Following this press release, ARCP filed a Form 8-K with the SEC that same day,

which expounded on the non-reliance of its previously issued financial statements and included

the preliminary AFFO adjustments above as an exhibit. The Form 8-K states in relevant part:

**Item 4.02 Non-Reliance on Previously Issued Financial Statements or a Related Audit Report or Completed Interim Review.**

(a) ***On October 24, 2014, the Audit Committee of the Board of Directors (the "Audit Committee") of American Realty Capital Properties, Inc. (the "Company") concluded that the previously issued audited consolidated financial statements and other financial information contained in the Company's Annual Report on Form 10-K for the fiscal year ended December 31, 2013, the previously issued unaudited financial statements and other financial information contained in the Company's Quarterly Reports on Form 10-Q for the fiscal periods ended March 31, 2014 and June 30, 2014, and the Company's earnings releases and other financial communications for these periods (collectively, the "Prior Financial Information") should no longer be relied upon.***

The Audit Committee based its conclusion on the preliminary findings of its investigation into concerns regarding accounting practices and other matters that first were reported to the Audit Committee on September 7, 2014. The Audit Committee promptly initiated an investigation, which is being conducted with the assistance of independent counsel and forensic experts.

The investigation conducted to date has not uncovered any errors in the consolidated financial statements (prepared in accordance with U.S. GAAP) for the three months ended March 31, 2014. However, ***based on the preliminary findings of the investigation, the Audit Committee believes that the Company incorrectly included certain amounts related to its non-controlling interests in the calculation of adjusted funds from operations ("AFFO"), a non-U.S. GAAP financial measure, for the three months ended March 31, 2014 and, as a result, overstated AFFO for this period. The Audit Committee believes that this error was identified but intentionally not corrected, and other AFFO and financial statement errors were intentionally made,*** resulting in an overstatement of

*AFFO and an understatement of the Company's net loss for the three and six months ended June 30, 2014.*

**As discussed in Item 5.02 of this Current Report on Form 8-K, at the request of the Audit Committee, the Company's Chief Financial Officer and Chief Accounting Officer have resigned.**

Nothing has come to the attention of the Audit Committee that leads it to believe that there are any errors in the Company's previously issued audited consolidated financial statements contained in the Company's Annual Report on Form 10-K for the fiscal year ended December 31, 2013. However, the Audit Committee has expanded its investigation to encompass the Company's audited consolidated financial statements for the fiscal year ended December 31, 2013 in light of the fact that the Company's former Chief Financial Officer and former Chief Accounting Officer had key roles in the preparation of those financial statements.

***Based on the preliminary findings of the investigation, the Company has identified the potential adjustments set forth in Exhibit 99.1 to this Report to the Company's reported net loss in accordance with U.S. GAAP for the three and six months ended June 30, 2014 and to reported AFFO (a non-U.S. GAAP financial measure described in Exhibit 99.1) for the three months ended March 31, 2014 and the three and six months ended June 30, 2014.*** Note that, in calculating AFFO for the first quarter of 2014, the Company presented activity from non-controlling interests on a net basis, while in the second quarter of 2014, as permitted, the Company presented its activity from non-controlling interests on a gross basis (which it will continue to do in calculating AFFO in future periods). The weighted average number of shares used in calculating AFFO differs depending on whether the net or gross method is used (but does not change for purposes of calculating net loss per share in accordance with U.S. GAAP). The investigation is ongoing and there can be no assurance that the potential adjustments set forth in the table below will not change based upon the final results of the investigation, and any such change could be material.

The Company will work with the Audit Committee and the Audit Committee's independent advisors to determine the adjustments required to be made to the Prior Financial Information as expeditiously as possible. Upon the completion of this process, which could identify further adjustments in addition to those discussed above, the Company will restate the Prior Financial Information and amend its prior periodic filings to the extent required. The Company will file its Quarterly Report on Form 10-Q for the quarter ended September 30, 2014 after the amended filings have been made.

In light of the preliminary findings of the Audit Committee's investigation, the Company is reevaluating its internal control over financial reporting and its disclosure controls and procedures. The Company intends to make the necessary

changes to its control environment to remediate all control deficiencies that are identified as a result of the ongoing investigation and the restatement process.

The Audit Committee and the Company's management have discussed the matters disclosed in this Item 4.02(a) with the Company's independent registered public accounting firm.

(emphasis added)

28.     The Form 8-K also expounded on the resignations of its key officers, which states

in relevant parts:

**Item 5.02. Departure of Directors or Certain Officers; Election of Directors; Appointment of Certain Officers; Compensatory Arrangements of Certain Officers.**

(b) *On October 28, 2014, Brian S. Block resigned as the Company's Executive Vice President, Chief Financial Officer, Treasurer and Secretary, and Lisa Pavelka McAlister resigned as the Company's Senior Vice President and Chief Accounting Officer.*

(c) On October 28, 2014, the Board of Directors appointed Michael Sodo to serve as the Company's Chief Financial Officer and Gavin Brandon to serve as the Company's Chief Accounting Officer.

Mr. Sodo, age 36, joined the Company as Senior Vice President, Director of Financial Reporting and Treasury in August 2014. Prior to joining the Company, Mr. Sodo worked at Capital Automotive, a real estate investment trust, where he served since 2003 in a number of roles of increasing seniority, including most recently as Senior Vice President, Director of Financial Reporting and Treasurer. Prior to joining Capital Automotive, Mr. Sodo worked as an auditor for KMPG LLP. Mr. Sodo is a Certified Public Accountant and has a Bachelor Degree in Business Administration from the College of William & Mary.

Mr. Brandon, age 38, joined the Company after the Company's merger with Cole Real Estate Investments, Inc., and most recently served as the Company's Chief Financial Officer and Treasurer, Managed Office and Industrial REITs, Private Capital Markets. Prior to joining the Company, Mr. Brandon worked as the Principal Accounting Officer of Cole Corporate Income Trust, Inc. and Cole Corporate Income Advisors, LLC. Prior to joining Cole in August 2011, Mr. Brandon worked for nine years with Deloitte & Touche LLP, most recently as a senior manager. Mr. Brandon is a Certified Public Accountant and has Bachelor Degrees in Accounting and Spanish from Weber State University.

There were no arrangements or understandings between either Mr. Sodo or Mr. Brandon and any other persons pursuant to which Mr. Sodo and Mr. Brandon

received their appointments. Neither Mr. Sodo nor Mr. Brandon has any family relationships subject to disclosure under Item 401(d) of Regulation S-K or any direct or indirect material interest in any transaction required to be disclosed pursuant to Item 404(a) of Regulation S-K. The Company is in the process of finalizing the compensation arrangements for Mr. Sodo and Mr. Brandon in their new capacities.

(e) Each of Mr. Block and Ms. McAlister will be entitled to receive their accrued salary (including salary in lieu of accrued but unused vacation) and reimbursement of expenses. Mr. Block agreed to relinquish any retention award and bonuses payable under his employment agreement, dated as of October 21, 2013, with the Company, as well as any award under the Company's 2014 Multi-year Outperformance Plan.

(emphasis added)

29.     The Company held a conference call at 3:00 PM ET on October 29, 2014. In the call, Defendant Kay summarized the intentional errors in the calculation of ARCP's AFFO in the first and second quarter of 2014 as follows, "The best way that I can describe what happened there is that we don't have bad people, we had some bad judgment there. And we had 2 employees which have resigned as a result of the effects of that calculation and the nondisclosure of the error in the first quarter."

30.     This adverse news shocked the market and caused the Company's stock to drop from $2.38 per share or over 19% from its previous closing price on extraordinary volume to close at $10.00 per share on October 29, 2014.

31.     Later that day, on October 29, 2014, The Wall Street Journal reported that "The Securities and Exchange Commission intends to launch an inquiry into the accounting irregularities" of ARCP.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

32.     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who purchased ARCP securities during the Class Period (the "Class"); and were damaged thereby. Excluded from the

12

Class are Defendants herein, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which defendants have or had a controlling interest.

33.     The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, ARCP securities were actively traded on NASDAQ. While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class. Record owners and other members of the Class may be identified from records maintained by ARCP or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

34.     Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

35.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

36.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

- whether the federal securities laws were violated by Defendants' acts as alleged herein;

- whether the statements made by Defendants to the investing public during the Class Period misrepresented material facts about the business, operations and management of ARCP;

13

- whether the Individual Defendants caused ARCP to issue false and misleading financial statements during the Class Period;

- whether Defendants acted knowingly or recklessly in issuing false and misleading financial statements;

- whether the prices of ARCP securities during the Class Period were artificially inflated because of the Defendants' conduct complained of herein; and

- whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

37.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

38.     Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

- Defendants made public misrepresentations or failed to disclose material facts during the Class Period;

- the omissions and misrepresentations were material;

- ARCP securities are traded in efficient markets;

- the Company's shares were liquid and traded with moderate to heavy volume during the Class Period;

- the Company traded on NASDAQ, and was covered by multiple analysts;

14

- the misrepresentations and omissions alleged would tend to induce a reasonable investor to misjudge the value of the Company's securities; and

- Plaintiff and members of the Class purchased and/or sold ARCP securities between the time the defendants failed to disclose or misrepresented material facts and the time the true facts were disclosed, without knowledge of the omitted or misrepresented facts.

39.     Based upon the foregoing, Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

## COUNT I

### (Against All Defendants For Violations of
### Section 10(b) And Rule 10b-5 Promulgated Thereunder)

40.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

41.     This Count is asserted against Defendants and is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

42.     During the Class Period, Defendants engaged in a plan, scheme, conspiracy and course of conduct, pursuant to which they knowingly or recklessly engaged in acts, transactions, practices and courses of business which operated as a fraud and deceit upon Plaintiff and the other members of the Class; made various untrue statements of material facts and omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and employed devices, schemes and artifices to defraud in connection with the purchase and sale of securities. Such a scheme was intended to, and, throughout the Class Period, did: (i) deceive the investing public, including Plaintiff and other Class members, as alleged herein; (ii) artificially inflate and maintain the market price of ARCP securities; and (iii) cause Plaintiff and other members of the Class to purchase ARCP

securities and options at artificially inflated prices. In furtherance of this unlawful scheme, plan and course of conduct, Defendants, and each of them, took the actions set forth herein.

43.     Pursuant to the above plan, scheme, conspiracy and course of conduct, each of the Defendants participated directly or indirectly in the preparation and/or issuance of the quarterly and annual reports, SEC filings, press releases and other statements and documents described above, including statements made to securities analysts and the media that were designed to influence the market for ARCP securities. Such reports, filings, releases and statements were materially false and misleading in that they failed to disclose material adverse information and misrepresented the truth about ARCP's finances and business prospects.

44.     By virtue of their positions at ARCP, Defendants had actual knowledge of the materially false and misleading statements and material omissions alleged herein and intended thereby to deceive Plaintiff and the other members of the Class, or, in the alternative, Defendants acted with reckless disregard for the truth in that they failed or refused to ascertain and disclose such facts as would reveal the materially false and misleading nature of the statements made, although such facts were readily available to defendants. Said acts and omissions of Defendants were committed willfully or with reckless disregard for the truth. In addition, each Defendant knew or recklessly disregarded that material facts were being misrepresented or omitted as described above.

45.     Information showing that Defendants acted knowingly or with reckless disregard for the truth is peculiarly within defendants' knowledge and control. As the senior managers and/or directors of ARCP, the Individual Defendants had knowledge of the details of ARCP internal affairs.

46.     The Individual Defendants are liable both directly and indirectly for the wrongs complained of herein. Because of their positions of control and authority, the Individual Defendants were able to and did, directly or indirectly, control the content of the statements of ARCP. As officers and/or directors of a publicly-held company, the Individual Defendants had a duty to disseminate timely, accurate, and truthful information with respect to ARCP's businesses, operations, future financial condition and future prospects. As a result of the dissemination of the aforementioned false and misleading reports, releases and public statements, the market price of ARCP securities was artificially inflated throughout the Class Period. In ignorance of the adverse facts concerning ARCP's business and financial condition which were concealed by Defendants, Plaintiff and the other members of the Class purchased ARCP securities at artificially inflated prices and relied upon the price of the securities, the integrity of the market for the securities and/or upon statements disseminated by Defendants, and were damaged thereby.

47.     During the Class Period, ARCP securities were traded on an active and efficient market. Plaintiff and the other members of the Class, relying on the materially false and misleading statements described herein, which the Defendants made, issued or caused to be disseminated, or relying upon the integrity of the market, purchased shares of ARCP securities at prices artificially inflated by Defendants' wrongful conduct. Had Plaintiff and the other members of the Class known the truth, they would not have purchased said securities, or would not have purchased them at the inflated prices that were paid. At the time of the purchases by Plaintiff and the Class, the true value of ARCP securities was substantially lower than the prices paid by Plaintiff and the other members of the Class. The market price of ARCP securities declined

17

sharply upon public disclosure of the facts alleged herein to the injury of Plaintiff and Class members.

48.     By reason of the conduct alleged herein, Defendants knowingly or recklessly, directly or indirectly, violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

49.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases and sales of the Company's securities during the Class Period, upon the disclosure that the Company had been disseminating misrepresented financial statements to the investing public.

## COUNT II

### (Violations of Section 20(a) of the
### Exchange Act Against The Individual Defendants)

50.     Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

51.     During the Class Period, the Individual Defendants participated in the operation and management of ARCP, and conducted and participated, directly and indirectly, in the conduct of ARCP's business affairs. Because of their senior positions, they knew the adverse non-public information about ARCP's violations of federal law.

52.     As officers and/or directors of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to ARCP's business practices, and to correct promptly any public statements issued by ARCP which had become materially false or misleading.

53.     Because of their positions of control and authority as senior officers, the Individual Defendants were able to, and did, control the contents of the various reports, press

releases and public filings which ARCP disseminated in the marketplace during the Class Period concerning ARCP's operations. Throughout the Class Period, the Individual Defendants exercised their power and authority to cause ARCP to engage in the wrongful acts complained of herein. The Individual Defendants therefore, were "controlling persons" of ARCP within the meaning of Section 20(a) of the Exchange Act. In this capacity, they participated in the unlawful conduct alleged which artificially inflated the market price of ARCP securities.

54.     Each of the Individual Defendants, therefore, acted as a controlling person of ARCP. By reason of their senior management positions and/or being directors of ARCP, each of the Individual Defendants had the power to direct the actions of, and exercised the same to cause, ARCP to engage in the unlawful acts and conductcomplained of herein. Each of the Individual Defendants exercised control over the general operations of ARCP and possessed the power to control the specific activities which comprise the primary violations about which Plaintiff and the other members of the Class complain.

55.     By reason of the above conduct, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act for the violations committed by ARCP.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against defendants as follows:

A.     Determining that the instant action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and certifying Plaintiff as the Class representative;

B.     Requiring Defendants to pay damages sustained by Plaintiff and the Class byreason of the acts and transactions alleged herein;

C.    Awarding Plaintiff and the other members of the Class prejudgment and post

judgmentinterest, as well as their reasonable attorneys' fees, expert fees and other costs; and

D.    Awarding such other and further relief as this Court may deem just and proper.

### DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury.

Dated: October 30, 2014                          **THE ROSEN LAW FIRM, P.A**

Laurence M. Rosen, Esq.
Phillip Kim, Esq.
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

Counsel for Plaintiff